United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Action No. |
| | ) 22-10341-NMG |
| Eddy Reyes Tejada et al., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

Before the Court is the motion of defendant, Francis Santos Aria ("defendant") to reduce his sentence pursuant to 18 U.S.C. §3582(c). For the following reasons, the motion will be denied.

Defendant was charged with and subsequently pled guilty to three counts all relating to the distribution of fentanyl. On March 5, 2024, defendant was sentenced to 87 months in prison. Now, defendant claims that his sentence should be reduced to 71 months based on an amendment to the Sentencing Guidelines.

Generally, a district court cannot "modify a term of imprisonment once it has been imposed." 18 U.S.C. §3582(c). A court may, however, reduce a defendant's sentence retroactively if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Id. §3852(c)(2); see Dillon v. United States, 560 U.S. 817, 819 (2010).

Here, defendant relies on Amendment 821 to the Sentencing Guidelines Manual as the basis for a sentence reduction. His reliance on Amendment 821 is misplaced. Defendant's sentencing hearing took place on March 5, 2024, at which time Amendment 821 was already in effect. See U.S.S.G. 1B1.10 & cmt. 7 (noting that Amendment 821 took effect on November 1, 2023, for the prospective application to prison sentences on and after February 1, 2024). Because Amendment 821 was already in effect, it is not a "subsequent[]" amendment to the Sentencing Guidelines that can form the basis of a viable motion for retroactive sentencing reduction. See 18 U.S.C. §3852(c)(2) (permitting modification of sentences if guideline range "has subsequently been lowered"); see also United States v. Perez-Figueroa, 658 F. App'x 588, 591 (1st Cir. 2016) (describing reliance on Sentencing Guideline amendment that was already effective at time of sentencing as "misplaced"). Defendant's motion to reduce his sentence will therefore be denied.

### ORDER

For the foregoing reasons, the motion of defendant, Francis Santos Aria, to reduce his sentence pursuant to 18 U.S.C. §3852(c)(2) (Docket No. 103) is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: February 11, 2025